```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

GINGER GROVES, on her own behalf and
others similarly situated,

                Plaintiff,

vs.                                    Case No. 2:06-cv-338-FtM-99SPC

PATRICIA J. DURY, M.D., P.A., a
Florida Corporation

                Defendant.
_____

## **OPINION AND ORDER**

     This matter comes before the Court on plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #13), filed on August 4, 2006. No response has been filed and the time to do so has now expired.

     The Complaint (Doc. #1) seeks recovery of overtime compensation under the Fair Labor Standards Act (FLSA). Defendant filed an Answer and Affirmative Defenses (Doc. #9) on July 25, 2006. Plaintiff seeks to strike defendant's Second and Third Affirmative Defenses, which state:

> The Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and detrimental reliance.
>
> The Plaintiff's claims are barred in whole or in part by virtue of their own unclean hands.

(Doc. #9, p. 3.) For the reasons stated below, the motion will be granted.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  If an affirmative defense "comprises no more than 'bare bones conclusory allegations, it must be stricken.'" <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 684 (M.D. Fla. 2002)(citation omitted).  All the challenged affirmative defenses suffer from this pleading deficiency.

**Waiver:**

Defendant insufficiently pled the waiver defense, and does not satisfy even the liberal federal notice pleading requirements.  The FLSA provisions are mandatory, and are not subject to negotiation or bargaining between employers and employees, and are not subject to waiver.  <u>Lynn's Food Stores, Inc. v. United States Dep't of Labor</u>, 679 F.2d 1350, 1352 (11th Cir. 1982)(citing <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697 (1945)).  No facts are alleged as to the waiver defense which would take this case outside the general rule.  The motion to strike will be granted without prejudice as to the defense of waiver.

**Estoppel:**

"Estoppel is an equitable doctrine invoked to avoid injustice in particular cases."  <u>Heckler v. Community Health Servs. of Crawford County, Inc.</u>, 467 U.S. 51, 59 (1984).   In <u>Brumbelow</u>, the Court found "[o]n the *narrow facts of this case*, the court

correctly granted a directed verdict on the basis that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer." Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)[1](citations omitted)(emphasis added).  Within the Middle District of Florida, one district court has found that estoppel is an available affirmative defense "where the employee affirmatively misleads the employer."  McGlothan v. Walmart Stores, Inc., 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, *2 (M.D. Fla. June 14, 2006)(citing Brumbelow at 1327).  In Green v. Amjak Enters., Inc., 2:06-CV-264-FTM-29SPC, 2006 WL 2265455 (M.D. Fla. 2006), the undersigned distinguished that case based on the facts, and declined to address the issue on a motion to strike.  In this case, defendant has pled no facts which would satisfy even the notice pleading requirements.  As such, the motion to strike is granted without prejudice.

**Laches:**

"[T]he doctrine of laches does not apply to congressional acts providing a statute of limitations, such as the FLSA." Morrision v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005)(citations omitted).  As this case is brought under the FLSA, which contains a statute of limitations, the motion to strike is granted.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**Detrimental Reliance:**

In this case, defendant pled no facts to support the defense of detrimental reliance, thus not satisfying the notice pleading requirements.  As such, the motion to strike is granted without prejudice.

**Unclean Hands:**

To assert a defense of unclean hands, defendant must demonstrate that plaintiff's wrongdoing was directly related to the claim asserted in the Complaint. <u>Calloway v. Partners Nat'l Health Plans</u>, 986 F.2d 446, 451 (11th Cir. 1993)(citing <u>Keystone Driller Co. v. General Excavator Co.</u>, 290 U.S. 240, 245 (1933)).  In this case, defendant's mere assertion of "Plaintiff's claims are barred in whole or in part by virtue of their own unclean hands" sets forth no facts and is insufficiently plead.  Therefore, the motion will be granted.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. #13) is **GRANTED** as follows:

A.   The Second Affirmative Defense of waiver is **stricken without prejudice**;

B.   The Second Affirmative Defense of estoppel is **stricken without prejudice**;

C. The Second Affirmative Defense of laches is **stricken with prejudice**;

D. The Second Affirmative Defense of detrimental reliance is **stricken without prejudice**; and

E. The Third Affirmative Defense of unclean hands is **stricken without prejudice**.

2. Defendant may amend its affirmative defenses within **TEN (10) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of September, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record